HONORABLE ROBERT S. LASNIK

1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
SHAW RAHMAN,                                    Case No. C13-0410 RSL

                         Plaintiff,
11
                                                ORDER GRANTING DEFENDANTS'
        v.                                      MOTION FOR PROTECTIVE ORDER
12
AMERICAN TIRE DISTRIBUTORS, INC.;
MASTECH, INC.; and ANJANI GALI,
13
                         Defendants.
14

15          This matter comes before the Court on "Defendants' Joint Motion for Protective Order."

16  Dkt. # 66.  The motion is unopposed.  The Court therefore ORDERS as follows:

17

18                              **PROTECTIVE ORDER**

19  **1.      Purposes and Limitations**

20          Discovery in this action is likely to involve production of confidential, proprietary, or

21  private information for which special protection may be warranted.  The parties acknowledge

22  that this agreement is consistent with LCR 26(c).  It does not confer blanket protection on all

23  disclosures or responses to discovery, the protection it affords from public disclosure and use

24  extends only to the limited information or items that are entitled to confidential treatment under

25  the applicable legal principles, and it does not presumptively entitle parties to file confidential

26  information under seal.

27

28

ORDER GRANTING DEFENDANTS' JOINT
MOTION FOR PROTECTIVE ORDER - 1

**2.    "Confidential" Material**

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: [The parties must include a list of specific documents such as "company's customer list" or "plaintiff's medical records;" do not list broad categories of documents such as "sensitive business material"] American Tire Distributors, Inc.'s ("ATD") and Mastech, Inc.'s ("Mastech") financial records; personnel, financial and personal information regarding non-party individuals; pricing information; and technical, non-public business information regarding programming and network engineering services.

**3.    Scope**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.   However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**4.    Access to and Use of Confidential Material**

**4.1    Basic Principles.**   A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.   Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**4.2    Disclosure of "CONFIDENTIAL" Information or Items.**   Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

ORDER GRANTING DEFENDANTS' JOINT
MOTION FOR PROTECTIVE ORDER - 2

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**4.3     Filing Confidential Material.**  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the

standards that will be applied when a party seeks permission from the court to file material under seal.

**5.    Designating Protected Material**

**5.1    Exercise of Restraint and Care in Designating Material for Protection.**  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2    Manner and Timing of Designations.**  Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

        **(a)    Information in documentary form:**  (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

ORDER GRANTING DEFENDANTS' JOINT
MOTION FOR PROTECTIVE ORDER - 4

1    **(b)    Testimony given in deposition or in other pretrial ~~or trial~~**

2  **proceedings:**  the parties must identify on the record, during the deposition, hearing, or other

3  proceeding, all protected testimony, without prejudice to their right to so designate other

4  testimony after reviewing the transcript.  Any party or non-party may, within 15 days after

5  receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as

6  confidential.

7    **(c)    Other tangible items:**  the producing party must affix in a prominent

8  place on the exterior of the container or containers in which the information or item is stored the

9  word "CONFIDENTIAL."  If only a portion or portions of the information or item warrant

10  protection, the producing party, to the extent practicable, shall identify the protected portion(s).

11    **5.3    Inadvertent Failures to Designate.**  If timely corrected, an inadvertent failure to

12  designate qualified information or items does not, standing alone, waive the designating party's

13  right to secure protection under this agreement for such material.  Upon timely correction of a

14  designation, the receiving party must make reasonable efforts to ensure that the material is

15  treated in accordance with the provisions of this agreement.

16  **6.    Challenging Confidentiality Designations**

17    **6.1    Timing of Challenges.**  Any party or non-party may challenge a designation of

18  confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality

19  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

20  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

21  challenge a confidentiality designation by electing not to mount a challenge promptly after the

22  original designation is disclosed.

23    **6.2    Meet and Confer.**  The parties must make every attempt to resolve any dispute

24  regarding confidential designations without court involvement.   Any motion regarding

25  confidential designations or for a protective order must include a certification, in the motion or in

26  a declaration or affidavit, that the movant has engaged in a good faith meet and confer

27  conference with other affected parties in an effort to resolve the dispute without court action.

28

ORDER GRANTING DEFENDANTS' JOINT
MOTION FOR PROTECTIVE ORDER - 5

The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

**6.3     Judicial Intervention.**  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under LCR 7 (and in compliance with LCR 5(g), if applicable).  The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**7.     Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**8.     Unauthorized Disclosure of Protected Material**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

ORDER GRANTING DEFENDANTS' JOINT
MOTION FOR PROTECTIVE ORDER - 6

this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.    Inadvertent Production of Privileged or Otherwise Protected Material**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).   This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.   Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

**10.    Non Termination and Return of Documents**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof.   Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.


Dated this 19th day of May, 2014.


Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS' JOINT
MOTION FOR PROTECTIVE ORDER - 7

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court on _____ [date] in the case of *Rahman v. American Tire Distributors, Inc., et al.*; Case Number 2:13-cv-00410.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____