UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
SHAW RAHMAN,                            )
                                        )   No. C13-0410RSL
                   Plaintiff,           )
        v.                              )   ORDER DENYING MOTIONS TO
                                        )   ADD CLAIMS
AMERICAN TIRE DISTRIBUTOR, INC.,        )
 *et al.*,                              )
                                        )
                   Defendants.          )
_____)

This matter comes before the Court on plaintiff's "Motion to Extend time to Amend complaint to add additional claims" (Dkt. # 91) and his "Praecipe" setting forth the additional claims (Dkt. # 105). For the most part, plaintiff seeks to add allegations regarding alleged falsehoods made during discovery in the above-captioned matter. He also seeks to assert an unfair business practice claim against defendant American Tire Distributor, Inc., and additional facts supporting his existing claims. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Pursuant to Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." The case management order in this case likewise states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates

only upon good cause shown . . . ." Dkt. # 35 at 2.[1]  The deadline for amending the complaint was June 4, 2014, and discovery is set to close on August 3, 2014.  Dkt. # 35.  Plaintiff was aware of the case management deadlines, yet did not file his motion for an extension until almost a month after amendments were due.  No cause for the delay was offered until plaintiff submitted his reply, and the substance of the proposed amendments was not provided until July 26, 2014.  Although defendants did not have an opportunity to respond to the specifics of plaintiff's proposal, they convincingly argue that plaintiff had ample time between December 2013 and June 2014 to initiate discovery and identify any additional claims.  Plaintiff has not shown that he acted diligently in pursing discovery and has not established good cause for extending the deadline for amending the pleadings.

Even if plaintiff were able to surmount the Rule 16(b) hurdle, the proposed amendment would not be appropriate in this case.  Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  There is a "strong policy in favor of allowing amendment" after "considering four factors:  bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir.

---

[1] Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedure.  The purpose of the change was to improve the efficiency of federal litigation:  leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay.  Under the new rule, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  See also Zivkovic v. S. Cal. Edison Co., 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

ORDER DENYING MOTIONS TO ADD CLAIMS    -2-

1994).[2]  To determine whether a proposed amendment is futile, the Court evaluates whether the revised allegations would survive a motion to dismiss.  Nunes, 375 F.3d at 808.

Plaintiff's proposed unfair business practices claim fails as a matter of law.  Unfair practices committed by an employer against an employee have been specifically excluded from the realm of per se violations of the Consumer Protection Act.  RCW 49.60.030.  Nor has plaintiff attempted to prove a CPA violation by meeting the five elements set forth in Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 787 (1986):  there are no facts or argument from which one could plausibly infer that the alleged employment discrimination occurred in "trade" or "commerce" (defined as the sale of assets or services or commercial activity involving the citizens of Washington), involved "the entrepreneurial or commercial aspects of" defendants' business, or affected the public interest.  RCW 19.86.010(2); Michael v. Mosquera-Lacy, 165 Wn.2d 595, 602-03 (2009); Bruce v. Nw. Metal Prods. Co., 79 Wn. App. 505, 516-17 (1995).  To the extent plaintiff seeks to amend the complaint to add factual allegations to reflect what he has learned in discovery, defendants have not challenged the adequacy of plaintiff's pleading and there is no need to plead additional facts.  With regards to plaintiff's allegations of falsehoods during discovery, he has not identified a cause of action associated with those acts.  Any claim of discovery sanctions or request for contempt sanctions would be resolved by this Court on motion, without need to amend the pleadings.

For all of the foregoing reasons, plaintiff's motion for an extension of time in which to amend the complaint is DENIED.  The "Praecipe" submitted on July 26, 2014, will not be considered by the Court.

---

[2] The Ninth Circuit also takes into consideration whether plaintiff has previously amended the complaint.  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

1         Dated this 8th day of August, 2014.

                                              */s/ Robert S. Lasnik*
                                          Robert S. Lasnik
                                          United States District Judge

ORDER DENYING MOTIONS TO ADD CLAIMS    -4-