1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                          )
SHAW RAHMAN,                               )
                                                          )          No. C13-0410RSL
                              Plaintiff,               )
                                                          )
          v.                                              )
                                                          )          ORDER GRANTING DEFENDANT
AMERICAN TIRE DISTRIBUTOR, INC.,   )          MASTECH'S MOTION FOR
et al.,                                                   )          SUMMARY JUDGMENT
                                                          )
                              Defendants.          )
_____)

          This matter comes before the Court on "Defendant Mastech, Inc.'s Motion for

Summary Judgment." Dkt. # 128.[1]  Plaintiff has asserted claims of national origin harassment

and discrimination, religious discrimination, and retaliation against defendant Mastech, Inc.

Mastech is an information technology ("IT") staffing company that recruits IT professionals and

assigns them to work for clients.  In this case, Mastech contacted plaintiff to see if he would be

interested in an assignment with defendant American Tire Distributor, Inc. ("ATD").  Following

an interview with defendant Anjani Gali, ATD's Chief Technology Officer, ATD offered

plaintiff a role in developing a website through which it could sell tires directly to consumers.

Mastech hired plaintiff as an at-will employee and assigned him to work for ATD.  Mastech and

plaintiff agreed to give each other two weeks' notice of termination "except . . . in the event that

_____

          [1] Plaintiff's untimely response memorandum (Dkt. # 148) and "Exhibit Additional" (Dkt. # 150)
have been considered in ruling on Mastech's motion.

ORDER GRANTING DEFENDANT MASTECH'S
MOTION FOR SUMMARY JUDGMENT

1    a Client requests [plaintiff's] removal for any reason . . . ."   Dkt. # 129-6 at 2.

2           Plaintiff began his assignment with ATD on March 5, 2012.  Ms. Gali terminated

3 plaintiff's assignment with ATD effective March 23, 2013.  Mastech subsequently terminated

4 his employment without providing two weeks' notice.

5           Plaintiff acknowledges that Mastech did not harass or discriminate against him:  he

6 never worked at Mastech's offices, and he does not ascribe discriminatory intent or acts to any

7 Mastech employee.  Dkt. # 150 at 4 ("Mastech did not discriminate against me because I had not

8 worked for Mastech, on-site at Mastech.").  Nevertheless, plaintiff believes Mastech is liable

9 under Title VII because (a) "when you are employed at a client location from a vendor, all

10 liability is shared" and/or (b) Mastech breached the termination provision of his employment

11 contract.  Neither argument is persuasive in the circumstances presented here.  Plaintiff offers no

12 evidence or argument that would support holding one corporation liable for another's

13 discriminatory conduct in the absence of any evidence of control or responsibility.  Nor is there

14 any reason to assume that a simple breach of contract is a reflection of discriminatory intent.

15 Plaintiff's admission that Mastech did not discriminate against him is fatal to the national origin

16 claims asserted against this defendant.

17            Plaintiff's claim of religious discrimination is wholly unsupported.  At most,

18 plaintiff contends that Mastech's alleged breach of the employment contract and unjust attempt

19 to blame plaintiff for the termination violated plaintiff's sincere moral beliefs.  Dkt. # 148 at 5.

20 Plaintiff has not alleged that he was fired because of his religion or religious beliefs.  Rather, his

21 religious discrimination claim is based on the fact that Mastech engaged in activities which

22 plaintiff finds morally reprehensible.  The right to be free of religious discrimination does not,

23 however, impose on employers an obligation to act in a way that their employees find moral or

24 ethical.  Neither plaintiff's allegations nor the evidence provided raise even the faintest inference

25 that plaintiff was terminated because of his religion.  Having failed to establish a *prima facie*

26 case, plaintiff's religious discrimination claim fails as a matter of law.

ORDER GRANTING DEFENDANT MASTECH'S
MOTION FOR SUMMARY JUDGMENT       -2-

Plaintiff has failed to identify any protected activity in which he engaged prior to his termination.  Plaintiff's refusal to perform tasks as requested by ATD and/or his efforts to enforce what he deemed his "scope of work" are not protected activities for purposes of a retaliation claim under Title VII.  Because plaintiff did not engage in any conduct in opposition to perceived discrimination, his retaliation claim fails as a matter of law.[2]

For all of the foregoing reason, Mastech's motion for summary judgment is GRANTED.  All claims against defendant Mastech are DISMISSED.

Dated this 12th day of November, 2014.

Mult S Casnik

Robert S. Lasnik
United States District Judge

---

[2]  Plaintiff's complaint cannot fairly be read to assert a separate breach of contract claim against Mastech:  the complaint specifies only the causes of action identified in the text.  Dkt. # 1-1 at 2.  To the extent the various exhibits attached to the complaint mention a breach of contract, it is in the context of describing defendants' alleged discriminatory acts.  Even if the Court were to assume that plaintiff intended to assert a separate breach of contract claim, the claim would fail as a matter of law.  The two week notice provision in the offer letter was inapplicable because ATD requested that plaintiff's work on the project be terminated for failure to perform.

ORDER GRANTING DEFENDANT MASTECH'S
MOTION FOR SUMMARY JUDGMENT          -3-